IN THE UNITED STATES FEDERAL COURT FOR THE EASTERN DISTRICT
OF TENNESSEE AT GREENEVILLE, TENNESSEE

| | |
|---|---|
| ANGELA J. GREENE, | ] |
| Plaintiff, | ] |
| v. | ] Case No. _____ |
| | ] **JURY DEMANDED** |
| MERCEDES-BENZ, USA, and | ] |
| Defendant, | ] |
| AUTOMOBILI LIMITED LLC., and | ] |
| Co-Defendant, | ] |
| PREFERED WARRANTIES INC., | ] |
| Co-Defendant. | ] |

## COMPLAINT

Comes now the plaintiff, by counsel and would file complaint against the above-named defendants for several causes of action as will be described and set out in the subsequent sections of this complaint. The plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. This Court has general jurisdiction over the defendant because the plaintiff is a resident of Tennessee and suffered harm form the action of the defendants in the state of Tennessee;

2. This Court has specific jurisdiction over the defendants because the defendants have enticed buyers including the plaintiff to buy and trade having minimum contacts as set out in *International Shoe Co. v. Washington, 326 U.S. 310 (1945);*

1

3. Pursuant to *28 U.S.C. § 1391 (2011)*, venue of this matter is proper before this Court because the Court has personal jurisdiction of this matter through minimal contacts and the plaintiff resides within Hawkins County, Tennessee;

4. The amount of controversy is greater than $75,000.00 and further there is diversity of jurisdiction between the plaintiff and the defendants;

5. Further, specific jurisdiction for all defendants is met by the codification of minimum contacts under the Tennessee Long Arm Statute, *T.C.A. § 20-2-225*. The plaintiff avers this Court's exercise of the sad statute in this matter is not inconsistent with any of the due process protections afforded by the United States Constitution;

## PARTIES

The plaintiff incorporates all of the previous paragraphs and continues to allege as follows:

6. The plaintiff is Angela Greene (Plaintiff) who is the purchaser of a 2013 Mercedes-Benz E350 Bluetec having a VIN of WDDHF2EB6DA725910;

7. Defendant Mercedes-Benz-USA (Mercedes) is an automobile manufacturer distributing vehicles all throughout the United States;

8. Defendant Automobili Limited LLC (Automobili) is the direct auto retailer who sold the vehicle in question to the plaintiff. Further, automobile is a diverse entity having its origin in Pennsylvania;

9. Defendant Preferred Warranties Inc. (Preferred) is the company from which the plaintiff purchased an extended warranty to cover the vehicle in question. Preferred is a diverse entity having its origin in Pennsylvania;

2

## FACTS

The plaintiff incorporates all of the previous paragraphs and continues to allege as follows:

10. The plaintiff responded to an advertisement, reaching into Tennessee, on the internet soliciting invitations to make an offer on the above-mentioned vehicle;

11. The plaintiff made telephonic inquiries of the vehicle and subsequently travelled to purchase the vehicle from Automobili;

12. Upon negotiating the deal with Automobili to purchase the vehicle in question, Automobili further sold the plaintiff an extended warranty secured by Preferred;

13. Automobili represented to the plaintiff the vehicle was in perfect working condition and there was manufacturer's warranty available on the vehicle as well;

14. The plaintiff reasonably relied on the promises and assurances of Automobili concerning the warranty and history of the vehicle;

15. The plaintiff returned to the state of Tennessee with the vehicle and within a month's span, the vehicle's engine was completely in ruin;

16. The plaintiff contacted Automobili and Automobili claimed the car was sold "as is" and further claimed protections under the theory of *Caveat Emptor*;

17. The plaintiff contacted Mercedes and Mercedes informed the plaintiff the warranty on the car was voided by the plaintiff's lack of due care and Mercedes would not honor the warranty on the vehicle;

18. The plaintiff contacted Preferred and Preferred refused to honor the extended warranty with the plaintiffs due to the Mercedes' warranty was voided;

19. The plaintiff has been left with no alternative but to turn this Honorable Court for relief in this matter;

3

## BREACH OF CONTRACT AS TO MERCEDES AND PREFERRED

The plaintiff incorporates all of the previous paragraphs and continues to allege as follows:

20. The defendants, Mercedes and Preferred, failed honor expressed written warranties which the plaintiff became privy to through the transfer or sale of the vehicle to the plaintiff;

21. The Defendants failed to follow through with the defendant's own expressed written warranties blaming the plaintiff for the defective vehicle when the vehicle had only been in the plaintiff's possession less than a month;

22. This failure to honor the warranty by either defendant is a total and complete breach of consumer loyalty and of contractual agreement;

## NEGLIGENCE AS TO MERCEDES AND AUTOMOBILI

The plaintiff incorporates all of the proceeding paragraphs and continues to allege as follows:

23. The plaintiff alleges the defendants, Mercedes and Automobili had a duty to inspect and ensure the vehicle the defendants placed into the stream of commerce was free of manufacturer's defect;

24. The plaintiff alleges the defendant failed to inspect the vehicle as the defendants should have and that failure is the direct and proximate cause of the damages to the plaintiff;

25. The plaintiff is damaged by the breach of duty because the plaintiff is out of the cash spent on the vehicle and the cash spent on the extended warranty for the vehicle;

26. The plaintiff is further damaged because the plaintiff has had to pay for the storage of the vehicle and continues to pay interest on the auto-loan of the vehicle;

4

## INTENTIONAL ACT OF THE DEFENDANTS MERCEDES AND AUTOMOBILI

The plaintiff incorporates all of the proceeding paragraphs and continues to allege as follows:

27. The defendants failed to warn the plaintiffs of the faultiness of the vehicle purchased by the plaintiff;

28. The defendant knew or reasonably should have known the faulty condition of the vehicle;

29. As far as the plaintiff can ascertain, the vehicle in question was a lease vehicle from Mercedes meaning the vehicle was still owned by Mercedes until the vehicle was purchased by Automobili;

30. Both defendants knowingly, purposely, and recklessly placed the faulty vehicle in the stream of commerce and advertised said vehicle for sale over the internet;

31. The plaintiffs relied upon the statements from the defendants that the vehicle was in good working condition and did live up to all standards of warranty of merchantability;

32. The plaintiff's reliance is on such is objectively reasonable because similarly situated plaintiffs would rely in the same manner;

33. The plaintiff is damaged by the reliance as described above and incorporated herein;

## NEGLIGENCE MISREPRESENTATION AS TO MERCEDES AND AUTOMOBILI

The plaintiffs incorporate all of the proceeding paragraphs and continue to allege as follows:

34. The defendants had an affirmative duty to disclose all and any defects in the vehicle to the plaintiff;

35. The defendant breached said duty and the said breach is the actual and proximate cause of the damage to the plaintiff;

36. The plaintiff is damaged by the reliance as described above and incorporated herein;

5

## DAMAGES FOR EMOTIONAL DISTRESS

The plaintiff incorporates the previous paragraphs and continues to allege as follows:

37. The plaintiff is damaged because the plaintiff has had to pay for the vehicle and the extended warranties;
38. The plaintiff continues to pay for the storage of said vehicle and continue to accrue costs associated with the vehicle;
39. The plaintiff has suffered great emotional distress due to the intentional and negligent acts of all three defendants;
40. The conduct of the all three defendants has been extreme and outrageous in this matter so as to justify the plaintiff's need for compensation in this matter;
41. The outrageous and extreme conduct of the defendants in the direct cause of the emotional distress of the plaintiff.

**WHEREFORE, PREMISES CONSIDERED, THE PLAINTIFF PRAYS** that:

1. All three defendants in this matter be issued service of process in this matter and be called upon to answer before this Honorable Court for their grievous conduct in this matter;
2. A jury be summoned and pooled in this matter to judge the conduct of the defendants;
3. The plaintiff be compensated for all actual damages in the approximate amount of $80,000.00;
4. The plaintiff be awarded punitive damages in the amount of $200,000.00 because of the extreme and outrageous conduct of the defendants;
5. The plaintiff be awarded all reasonable attorney fees for the prosecution of this matter;

6

6. Any and all such further relief be granted to the plaintiff this Honorable Court deems necessary and proper given the circumstances of this matter.

Humbly submitted,

_____
Kyle D. Vaughan, Esq., BPR#032416
Attorney for the Plaintiff
Page &Vaughan, PLLC
245 E. New St., Suite 203
Kingsport, TN 37660
(423)390-1504 Office Phone
(423)390-1506 Office Fax
Email: kyle@pageandvaughan.com
Website: www.pageandvaughan.com

I, Angela Greene, affirm I am the plaintiff in this matter and the allegations made therein are made in truth and sincerity absent fraud, duress, menacing, or collusion.

_____
Angela Greene

Sworn to and subscribed before me on this 16 day of March, 2018.

_____
Notary Signature

7/11/2021
_____
My Commission Expires



7