UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ANGELA J. GREENE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MERCEDES-BENZ, USA, and )<br>PREFERRED WARRANTIES, INC., )<br>)<br>Defendants. ) | No. 2:18-CV-139-HBG |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 31].

Now before the Court is Defendant Mercedes-Benz, USA's Motion for Summary Judgment [Doc. 63]. The Court granted the Plaintiff an extension of time to file a response on or before January 10, 2020 [Doc. 71]. No response has been filed and the Motion is now ripe for adjudication. Accordingly, for the reasons further explained below, the Court finds Defendant's Motion [**Doc. 63**] well taken, and it is **GRANTED**.

I.      BACKGROUND

The Complaint in this matter alleges that Defendant Mercedes-Benz, USA ("MBUSA") wrongfully refused to repair the Plaintiff's 2013 Mercedes-Benz E350 automobile ("the Car"), which the Plaintiff purchased used from Automobili, a non-MBUSA authorized dealership. The following facts are taken from the record in this case:

1.      MBUSA is the distributor and warrantor of Mercedes-Benz vehicles in the United States, including the Car.

2. MBUSA originally sold the Car on February 20, 2012 to Contemporary Motor Cars, Inc., an independent authorized MBUSA dealer in Little Silver, New Jersey.

3. Contemporary Motor Cars, Inc., delivered the motor vehicle to the first retail purchaser or lessee on November 29, 2012.

4. MBUSA was not a party to the sales transaction between the first retail purchaser and Contemporary Motor Cars, Inc.

5. Plaintiff purchased the Car from Automobili, a non-MBUSA authorized dealership on April 25, 2015.

6. MBUSA was not a party to the transaction between Plaintiff and Automobili.

7. MBUSA had no communications with Plaintiff prior to her purchase of the Car.

8. At the time of delivery of the Car to Plaintiff, the remainder of MBUSA's written limited warranty accompanied the Car.

9. The terms of the written limited warranty provided that for a period of 48 months or 50,000 miles from the original date of delivery, whichever came first, MBUSA would "make any repairs or replacements necessary, to correct defects in material or workmanship arising during the warranty period."

10. The warranty also provided that "[w]arranty repairs will be made at no charge for parts and labor."

11. Under a section titled "Items Which Are Not Covered," MBUSA's warranty stated:

> DAMAGE DUE TO LACK OF MAINTENANCE: Lack of proper maintenance as described in the Maintenance Booklet. Us of service parts or fluids, such as paper oil filters or improper engine oil, which are non-approved by MBUSA, will cause engine damage not covered by the warranty.

12. The Maintenance Booklet states that the engine oil and oil filter should be changed every 10,000 miles or 1 year.

13. On May 18, 2015, Plaintiff brought the Car to Rick Hill Imports, complaining that the engine locked up.

14. Greg Durham, Service Manager of Rick Hill Imports, initially conducted a visual inspection the engine and noted that the Car's engine oil filter was covered in sludge.

15. The dealership next reviewed the vehicle's maintenance log book to see if there was any record of an engine oil replacement ever being performed on the Car. No oil changes were recorded.

16. MBUSA's records also reflect that no oil changes were ever performed on the Car after the date of original delivery.

17. After an inspection of the subject vehicle and a review of the corresponding documentation, Rick Hill Imports determined that the cause of the engine failure was a lack of proper maintenance.

18. The amount of engine oil sludge within the Car's engine oil filter would be caused only by lack of proper oil changes, and was consistent with the lack of records showing any oil changes were ever performed on the subject vehicle.

19. MBUSA notified Plaintiff on June 10, 2015 that the cost of repairs would not be covered under MBUSA's Written Limited Warranty.

20. Plaintiff filed the present lawsuit on August 21, 2018; the Second Amended Complaint was filed on March 11, 2019.

21. Plaintiff's claims are based on MBUSA's denial of warranty coverage due to improper maintenance.

22. In Interrogatories, MBUSA asked Plaintiff to itemize all alleged damages or losses claims against MBUSA for which Plaintiff sought recovery in this case, including "emotional

distress as alleged in Paragraph 40 of the Second Amended Complaint." In response, Plaintiff set forth only economic loss damages.

23. Pursuant to the Scheduling Order issued March 5, 2019, Plaintiff was required to disclose any experts on or before July 19, 2019.

24. Plaintiff did not provide any expert disclosure; Plaintiff states that she does not have an expert witness.

## II. POSITIONS OF THE PARTIES

Defendant MBUSA moves [Doc. 63] for summary judgment arguing that there are no genuine issues of material fact. MBUSA argues that Plaintiff has made claims for intentional infliction of emotional distress, which are time-barred. MBUSA also argues that Plaintiff has made claims of negligence, negligent misrepresentation and intentional representation, which are all time-barred. Finally, MBUSA asserts that the Plaintiff's claims for breach of warranty are time-barred, and further, that this claim must be dismissed due to lack of evidence of a defect covered under the warranty.

The Plaintiff has not filed a response in opposition to MBUSA's Motion for Summary Judgment. In her pleadings, the Plaintiff avers, in general terms, breach of contract and tort claims as set forth in MBUSA's Motion and Memorandum [Docs. 63 and 63-1].

## III. STANDARD OF REVIEW

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n. 2 (1986); *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and

all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 301 F.3d 937, 942 (6th Cir. 2002).

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Celotex*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the finder of fact. *Anderson*, 477 U.S. at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson,* 477 U.S. at 250.

## IV. ANALYSIS

The Court has reviewed the parties' positions as outlined above, and for the reasons further explained below, the Court finds Defendant's Motion [**Doc. 63**] well taken, and it is **GRANTED**.

Plaintiff alleges a cause of action for emotional distress damages. Intentional Infliction of Emotional Distress is a tort asserting "injuries to the person," and the one-year statute of limitations applies. T.C.A. § 28-3-104; *Leach v. Taylor*, 124 S.W.3d 87 (Tenn. 2004). To that end, a cause of action for Intentional Infliction of Emotional Distress accrues "when the injury on which the action is based is known or should have been discovered by a reasonable person." *Oliver v. City of Clarksville*, 2017 WL 3535016*6 (Tenn. 2017).

This claim is based on MBUSA's denial of warranty coverage due to improper maintenance. MBUSA argues, and the Court agrees, that her claim accrued once she received notice that MBUSA would not be covering the cost of her engine replacement. Plaintiff received this notice no later than June 10, 2015 when MBUSA informed her that they would be denying coverage based upon improper maintenance. Plaintiff's claims accrued no later than June 12, 2015 and the statute of limitations expired no later than June 12, 2016. Plaintiff did not commence this action until August 22, 2018, over two (2) years after the statute of limitations had expired and therefore, the claim is time-barred.

Plaintiff also asserts causes of action for Negligence, Intentional Misrepresentation, and Negligent Misrepresentation. A three-year statute of limitations applies in a negligence action which asserts injury to personal property. *Gunter v. Laboratory Corp. of America*, 121 S.W.3d 636 (Tenn. 2003). In addition, T.C.A. § 28-3-105 outlines a three-year statute of limitations for intentional or negligent misrepresentation claims which begins to accrue "when a plaintiff discovers, or in the exercise of reasonable care and diligence, should have discovered, his injury

and the cause thereof." *Northeast Knox Utility Dis. V. Stanfort Const. Co.,* 206 S.W.3d 454, 459 (2006), *citing Med. Educ. Assistance Corp. v. State*, 19 S.W.3d 803, 817 (Tenn.Ct.App.1999); *accord City State Bank v. Dean Witter Reynolds, Inc.*, 948 S.W.2d 729, 735 (Tenn.Ct.App.1996). All three allegations are also based on MBUSA's alleged misrepresentation at the time of Plaintiff's purchase of the Car. Since the injury claimed is to her property, specifically, the Car, the applicable statute of limitations for all three claims is three (3) years.

The Court finds that Plaintiff's claims for Negligence, Intentional Misrepresentation, and Negligent Misrepresentation accrued at the latest, when Plaintiff discovered the alleged problems. In this case, Plaintiff brought the Car in for repair on May 18, 2015 and the statute of limitation accrued at that time. The three-year limitations period expired on May 18, 2018, but Plaintiff did not commence the action until August 22, 2018, three (3) months after the limitations period had expired. Therefore, all of Plaintiff's tort-based claims are time-barred.

Plaintiff's contract claim against MBUSA alleges a breach of express warranty. In Tennessee, the statute of limitations for any claims for breach of contract or breach of express warranties arising out of the sale of goods is four (4) years. *See* T.C.A. § 47-2-725(1) ("An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued."); *Commercial Truck & Trailer Sales, Inc. v. McCampbell*, 580 S.W.2d 765, 773 (Tenn. 1979) (holding that even in actions for personal injury or property damage resulting from breach of warranty, "[it] is well-settled in this jurisdiction that . . . the four-year statute provided in T.C.A. [§] 47-2-725 controls").

Moreover, the law in Tennessee is well-settled that the U.C.C.'s four-year statute of limitations for breach of warranty claims accrues on the date of delivery, regardless of the date of injury or the aggrieved party's knowledge of the breach. *See* T.C.A. § 47-2-725(2) ("A cause of

action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made . . ."); *Poppenheimer v. Bluff City Motor Homes, Div. of Bluff City.*, 658 S.W.2d 106, 111 (Tenn.Ct.App. 1983) ("Obviously, if there is a defect in workmanship or materials, whether known or unknown, the breach of the warranty occurs upon tender of delivery to the purchaser."); *Bauer v. Nortek Global HVAC LLC*, 2016 WL 5724232 (M.D.Tenn. 2016), *Kelly v. Nordyne, Inc.*, 2008 WL 11342578 (E.D.Tenn. 2008) ("Thus, a plaintiff's claim based on the breach of a [sic] warranty that does not extend to future performance expires four years after the plaintiff takes delivery of the warranted goods, even if the warranty purports to extend longer than four years.").

MBUSA, as distributor, originally sold and delivered the subject vehicle to Contemporary Motor Cars, Inc., in Little Silver, New Jersey, on February 20, 2012. Contemporary Motor Cars, Inc. delivered the motor vehicle to the first retail purchaser or lessee on November 29, 2012. MBUSA was not a party to that transaction. Accordingly, the statute of limitations for any cause of action for breach of warrant accrued as against MBUSA on February 20, 2012 and expired on February 20, 2016. Plaintiff, however, did not commence this action until August 21, 2018, approximately 2.5 years after the statute of limitations had expired as against MBUSA. Plaintiff's claim alleging breach of warranty against MBUSA is time-barred.

Moreover, under the terms of the Basic Limited Warranty Coverage, specifically the section entitled "Items Which Are Not Covered," it notes "Damage Due to Lack of Maintenance: Lack of proper maintenance as described in the Maintenance Booklet." The Maintenance Booklet states to "change the engine oil filter every 10,000 miles or 1 year."

In this case, the dealership conclusively determined that the cause of the engine problem was not defective factory components, but lack of maintenance of the subject vehicle.

8

Furthermore, MBUSA's records reflect that the vehicle was never brought in for an oil change prior to engine problem. The warranty does not cover costs of repairs necessitated by lack of maintenance, and therefore, Plaintiff's warranty claims must fail, as there is no evidence of defect in factory materials or workmanship.

In Count III and Count IV of Plaintiff's Amended Complaint, Plaintiff alleges that MBUSA is liable for "Intentional Act" and Negligent Misrepresentation based upon allegations that MBUSA knew or reasonably should have known "the faulty condition" of the Car. Both of these claims must be dismissed as against MBUSA, because MBUSA was not a party to the sale of the vehicle to Plaintiff prior to her purchase, and no communications with Plaintiff whatsoever prior to her purchase. *William v. Berube & Associates*, 26 S.W.3d 640, 644-45 (2000) citing *Merriman v. Smith*, 599 S.W.2d 548, 556-57 (Tenn.App. 1979).

## V. CONCLUSION

Accordingly, for the reasons explained above, there is no dispute as to any material fact and movant is entitled to judgment as a matter of law. The Court finds Defendant's Motion for Summary Judgment [**Doc. 63**] is well taken, and it will be **GRANTED**. A separate order will enter.

ORDER ACCORDINGLY.

_____
United States Magistrate Judge